IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Musieta Sodou-Cyrille,**<br>*Petitioner*,<br>v.<br><br>**Joseph Freden,**<br>   in his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>**Steven Kurzdorfer,**<br>   In his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>*Respondent.* | Civil Action No. 25-cv-6701<br><br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND INCORPORATED MEMORANDUM OF LAW**<br><br><br>*Oral Argument Requested* |

1

## INTRODUCTION

1.  Petitioner Musieta SODOU-CYRILLE was ordered removed by an Immigration Judge on May 8, 2024. That order became administratively final on or about June 7, 2024. The Petitioner was arrested by immigration officials on or about May 1, 2025; over six months ago, and as of this writing remains detained at the Buffalo Federal Detention Facility.

2.  On June 11, 2025, the Board of Immigration Appeals issued an emergency stay of removal in this matter pending adjudication of the Petitioner's appeal of a motion to reopen his removal proceedings. Exh. A. Due to this administrative stay, the Petitioner's removal is not reasonably foreseeable. Accordingly, to vindicate Petitioner's statutory and constitutional rights and to put an end to his continued arbitrary detention, this Court should grant the instant petition for a writ of habeas corpus.

3.  The Petitioner appealed the Immigration Judge's denial of his motion to reopen on June 11, 2025. To date, no briefing schedule has been issued in the appeal. Absent any order from this Court, Petitioner will likely remain detained for many more months, if not years.

4.  Petitioner asks this Court to find that his prolonged incarceration is unreasonable and to order his immediate release, or, in the alternative, to order that the Petitioner be provided with a constitutionally sound custody redetermination before an Immigration Judge.

## JURISDICTION

5.  Petitioner is detained in civil immigration custody at the Buffalo Federal Detention Facility in Batavia, New York. He has been detained since on or about May 1, 2025. He has not received an individualized bond hearing before an Immigration Judge (IJ). The Petitioner has no criminal convictions.

6. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the United States Constitution (Suspension Clause). This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8. Venue is proper because Petitioner is detained at the Buffalo Federal Detention Facility in Batavia, New York which is within the jurisdiction of this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to her claims occurred in this district, and no real property is involved in this action.

I. PERSONAL JURISDICTION

10. This Court has personal jurisdiction over the Petitioner's immediate custodian (who is physically within the district).

II. VENUE

11. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.484, 493-500 (1973), venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. Petitioner is being detained at the Buffalo Federal Detention Facility and his detention falls under the jurisdiction of the ICE Field Office of Buffalo, New York, which encompasses the area where Petitioner is being detained, pursuant to 28 U.S.C. § 1391.

## PARTIES

12. Petitioner is a citizen of the Democratic Republic of Congo and was ordered removed after an Immigration Judge found his application for asylum to be defective. He has been detained for over six months and is currently detained at the Buffalo Federal Detention Facility. He is the custody, and under the direct control, of Respondents and their agents.

13. Respondent Joseph Freden is the Buffalo, NY Deputy Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. Respondent Freden's office is at either the Buffalo Federal Detention Facility, Batavia New York, or 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 - both within this judicial district. He may alternatively be considered Petitioner's immediate custodian.

14. Respondent Steven Kurzdorfer is the Acting Field Office Director for the Buffalo, NY Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v. Reno*, 233 F. 3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Kurzdorfer's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202.Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA. DHS oversees ICE and the detention of noncitizens. DHS is a legal custodian of Petitioner.

## STATEMENT OF FACTS

15. Petitioner is a thirty-year-old citizen of the Democratic Republic of Congo who came to the United States seeking asylum.

**Proceedings Before the Immigration Court and Board of Immigration Appeals**

4

16. Petitioner entered the United States on or around May 10, 2022 at San Luis, Arizona. The Petitioner was placed into removal proceedings pursuant to 8 U.S.C. 1229a by way of a Notice to Appear dated May 11, 2022. Exh. B. While in removal proceedings, Petitioner, through his former immigration counsel, filed an I-589 Application for Asylum and Withholding of Removal. On or about February 6, 2024, the Immigration Judge issued a Scheduling Order instructing the Petitioner, through his counsel, to provide additional detail on the application for asylum.

17. The Petitioner's former counsel did not respond to the Scheduling Order and on May 8, 2024, the Immigration Judge ordered the Petitioner removed. Petitioner learned about this removal order months later after several failed attempts to obtain information from his immigration counsel about the status of his case. The Petitioner attempted to obtain legal assistance but was unable to find counsel until May 2, 2025, after he was detained. The Petitioner, through the undersigned counsel, then filed an emergency motion to reopen and emergency motion for stay of removal on May 7, 2025. On June 10, 2025, the Immigration Judge denied the Petitioner's motion to reopen. Exh. C. On June 11, 2025, the Petitioner appealed that decision to the Board of Immigration Appeals where he also sought a stay of removal. Exh. D. The Petitioner's Motion for Stay of Removal was granted on June 13, 2025.

## **LEGAL FRAMEWORK**

18. Pursuant to 28 U.S.C. § 2243, the Court either must grant the instant petition for writ of habeas corpus or issue an order to show cause to Respondents, unless Petitioner is not entitled to relief. If the Court issues an order to show cause, Respondents must file a response "within *three days* unless for good cause additional time, *not exceeding twenty days*, is allowed." 28 U.S.C. § 2243 (emphasis added).

19. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

20. This fundamental due process protection applies to all noncitizens, including both removable and inadmissible noncitizens. *See id.* at 721 (Kennedy, J., dissenting) ("[B]oth removable and inadmissible [noncitizens] are entitled to be free from detention that is arbitrary or capricious."). It also protects noncitizens who have been ordered removed from the United States and who face continuing detention. *Id.* at 690.

21. Furthermore, 8 U.S.C. § 1231(a)(1)-(2) authorizes detention of noncitizens during "the removal period," which is defined as the 90-day period beginning on "the latest" of either "[t]he date the order of removal becomes administratively final"; "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order"; or "[i]f the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."

22. Although 8 U.S.C. § 1231(a)(6) permits detention "beyond the removal period" of noncitizens who have been ordered removed and are deemed to be a risk of flight or danger, the Supreme Court has recognized limits to such continued detention. In *Zadvydas*, the Supreme Court held that "the statute, read in light of the Constitution's demands, limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

6

23. In determining the reasonableness of detention, the Supreme Court recognized that, if a person has been detained for longer than six months following the initiation of their removal period, their detention is presumptively unreasonable unless deportation is reasonably foreseeable; otherwise, it violates that noncitizen's due process right to liberty. 533 U.S. at 701. In this circumstance, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

24. The Court's ruling in *Zadvydas* is rooted in due process's requirement that there be "adequate procedural protections" to ensure that the government's asserted justification for a noncitizen's physical confinement "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id*. at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). In the immigration context, the Supreme Court only recognizes two purposes for civil detention: preventing flight and mitigating the risks of danger to the community. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 528. The government may not detain a noncitizen based on any other justification.

25. The first justification of preventing flight, however, is "by definition . . . weak or nonexistent where removal seems a remote possibility." *Zadvydas*, 533 U.S. at 690. Thus, where removal is not reasonably foreseeable and the flight prevention justification for detention accordingly is "no longer practically attainable, detention no longer 'bears [a] reasonable relation to the purpose for which the individual [was] committed.'" *Id.* (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). As for the second justification of protecting the community, "preventive detention based on dangerousness" is permitted "only when limited to specially dangerous individuals and subject to strong procedural protections." *Zadvydas*, 533 U.S. at 690–91.

7

26.     Thus, under *Zadvydas*, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is reasonably foreseeable, "the habeas court should consider the risk of the [noncitizen's] committing further crimes as a factor potentially justifying the confinement within that reasonable removal period." *Id.* at 700.

27.     At a minimum, detention is unconstitutional and not authorized by statute when it exceeds six months and deportation is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 (stating that "Congress previously doubted the constitutionality of detention for more than six months" and, therefore, requiring the opportunity for release when deportation is not reasonably foreseeable and detention exceeds six months); *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005).

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

28.     Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

29.     The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V.

30.     Petitioner has been detained by Respondents for over six months. Over five months of this prolonged detention has taken place after the Board of Immigration Appeals issued a stay of removal.

31.     Petitioner's prolonged detention is not likely to end in the reasonably foreseeable future. The Petitioner's appeal of the Immigration Judge's motion to reopen remains pending and to date, no briefing schedule has been issued and no decision is imminently forthcoming. Where,

8

as here, removal is not reasonably foreseeable, detention cannot be reasonably related to the purpose of effectuating removal and thus violates due process. *See Zadvydas*, 533 U.S. at 690, 699–700.

32. Further, the Board of Immigration Appeals issued a stay of removal in this matter, prohibiting the government from removing the Petitioner while his motion to reopen remains pending. The Petitioner's removal is not reasonably foreseeable.

33. For these reasons, Petitioner's ongoing prolonged detention violates the Due Process Clause of the Fifth Amendment.

## COUNT TWO
## Violation of 8 U.S.C. § 1231(a)

34. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

35. The Immigration and Nationality Act at 8 U.S.C. § 1231(a) authorizes detention "beyond the removal period" only for the purpose of effectuating removal. 8 U.S.C. § 1231(a)(6); *see also Zadvydas*, 533 U.S. at 699 ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). Because Petitioner's removal is not reasonably foreseeable, his detention does not effectuate the purpose of the statute and is accordingly not authorized by § 1231(a).

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Declare that Petitioner's ongoing prolonged detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231(a);

(3) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or ordering the Respondents to provide a constitutionally sound custody redetermination; and

(4) Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/*Grace Zaiman*
*Counsel for Petitioner*
Attorney Name
250 Mill St
Rochester NY 14614
585-210-9868
grace@zaimanlaw.com

Dated: November 24, 2025

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because I am the Petitioner's attorney. I have discussed with the Petitioner the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated:  November 24, 2025                 /s/Grace Zaiman
                                          Grace E. Zaiman
                                          *Attorney for Petitioner*
                                          250 Mill St,
                                          Rochester, NY 14614
                                          Email: grace@zaimanlaw.com
                                          Tel: 585-210-9868



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

**Zaiman, Grace**
**Grace Zaiman, Esq**
**250 Mill St**
**Rochester  NY  14614**

**DHS/ICE Office of Chief Counsel - BUF**
**250 Delaware Avenue, 7th Floor**
**Buffalo NY 14202**

Name: SODOU-CYRILLE, MUSIETA          A 240-615-258

Date of this Notice:    6/13/2025

Enclosed is a copy of the Board's stay decision.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam:  Paralegal

NOT FOR PUBLICATION

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Musieta SODOU-CYRILLE, A240-615-258

Respondent

**FILED**
Jun 13, 2025

ON BEHALF OF RESPONDENT: Grace Zaiman, Esquire

IN REMOVAL PROCEEDINGS
On Motion for Stay of Removal before the Board of Immigration Appeals

Before: O'Connor, Appellate Immigration Judge

O'CONNOR, Appellate Immigration Judge

STAY ORDER

The respondent has applied for a stay of removal pending consideration by the Board of Immigration Appeals of an appeal of the Immigration Judge's denial of a motion to reopen. After consideration of all information, the Board has concluded that a stay of removal is warranted. Accordingly, the following order shall be entered.

ORDER: The request for stay of removal is granted.



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BUFFALO IMMIGRATION COURT

Respondent Name:
    SODOU-CYRILLE, MUSIETA

To:
    Zaiman, Grace
    250 Mill St
    Rochester, NY 14614

A-Number:
240-615-258
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
06/10/2025

## ORDER OF THE IMMIGRATION JUDGE

☑ Respondent ☐ the Department of Homeland Security has filed a motion to reopen these proceedings. Upon reading and considering the motion, and any opposition from the non-moving party, the motion is ☐ granted ☑ denied for the following reason(s):

☑ The motion is untimely and fails to meet any exceptions. *See* 8 C.F.R. § 1003.23(b)(1),(4).
☐ The motion is numerically barred and fails to meet any exceptions. *See* 8 C.F.R. § 1003.23(b)(1),(4).
☐ The moving party failed to provide evidence demonstrating changed circumstances that is material and that was unavailable or could not have been discovered or presented at the previous proceedings. *See* 8 C.F.R. § 1003.23(b)(4)(i).
☐ The moving party failed to submit the appropriate application for relief and any accompanying documents. *See* 8 C.F.R. § 1003.23(b)(3).
☐ The Respondent has been removed or otherwise departed from the United States. *See* 8 C.F.R. § 1003.23(b)(1).
☑ Other:

The respondent's May 7, 2025 motion to reopen the May 8, 2024 removal order and subsequent submissions, including the request for a Stay of Removal, are hereby Denied. In addition to being an untimely motion to reopen, the respondent did not act with due diligence to warrant any equitable tolling. The respondent's submissions reflect awareness of the Court's removal order occurred in September or October of 2024. The motion to reopen was not filed until May of 2025. The Court also incorporates by reference as though fully set forth herein the DHS May 15, 2025 written opposition to the Motion to Reopen. The Court declines to exercise any sua sponte authority to reopen the removal order. The respondent has been illegally present in the United States since May of 2022, and has neglected to adequately comply with the Court's previous orders.

*[signature]*

Immigration Judge: CONNELLY, STEVEN 06/10/2025

**Certificate of Service**

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : SODOU-CYRILLE, MUSIETA | A-Number : 240-615-258
Riders:
Date: 06/10/2025 By: BENNETT, LISA, Court Staff



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

Zaiman, Grace
Grace Zaiman, Esq
250 Mill St
Rochester, NY 14614

DHS/ICE Office of Chief Counsel - BUF
250 Delaware Avenue, 7th Floor
Buffalo, NY 14202

Name:
SODOU-CYRILLE, MUSIETA                    240-615-258

Riders:

Date of Notice: 06/11/2025

### FILING RECEIPT FOR APPEAL OR MOTION

The Board of Immigration Appeals (Board or BIA) acknowledges receipt of the appeal or motion and fee or fee waiver request (where applicable) on  06/10/2025  , in the above-referenced case, filed by the  Respondent

Additional Comments
N/A

**WARNING FOR APPEALS:**

**Departure.**  If you leave the United States after filing this appeal but before the Board issues a decision, your appeal may be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. § 1001.1(q)).

**Proof of posting voluntary departure bond.** If you have been granted voluntary departure by the Immigration Judge, you must submit proof of having posted the voluntary departure bond set by the Immigration Judge to the Board. Your submission of proof must be provided to the Board within 30 days of filing this appeal. If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure. 8 C.F.R. § 1240.2(c)(3)(ii).

**Autostay Bond Appeals.** Please note that the automatic stay will expire 90 days from the date of receipt of the DHS' appeal. 8 C.F.R. § 1003.6(c)(3). If the Board grants the respondent's request for additional briefing time, then the 90-day automatic stay period will be tolled for the same number of days. 8 C.F.R. § 1003.6(c)(4).

**Form EOIR-27.** If the appeal was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

## **WARNING FOR MOTIONS:**

**Stay of removal.** Filing a motion with the Board does not automatically stop the DHS from executing an order of removal. If the respondent/applicant is in DHS detention and is about to be removed, you may request the Board to stay the removal on an emergency basis. For more information, call the Clerk's Office at (703) 605-1007.

**Form EOIR-27.** If the motion was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**FILING INSTRUCTIONS:**

If you have any questions about how to file something at the Board, please review the Board's Practice Manual which is available on EOIR's website at www.justice.gov/eoir.

Accepted by:   WilsonD

CC

℘JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sodou-Musieta, Cyrille

## DEFENDANTS
U.S. Immigration & Customs Enforcement, Kurzdorfer, Steven Acting Field Office Director, Buffalo Field Office, et. al.

**(b)** County of Residence of First Listed Plaintiff: **Genesee**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Genesee**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Grace Zaiman, Esq
250 Mill St Rochester NY 14614 585-210-9868

Attorneys (If Known)
US Attorney's Office WDNY
138 Delaware Avenue, Buffalo, NY 14202 (716) 843-5700

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander |  ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine | **PERSONAL PROPERTY** |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability |  | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Liability | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **LABOR** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 710 Fair Labor Standards Act | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | **FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party 26 USC 7609 |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 462 Naturalization Application |  |  |
|  |  | ☒ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2243
Brief description of cause:
Petition for Writ of Habeas Corpus

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE                    DOCKET NUMBER

DATE: 11/24/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/Grace Zaiman

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

| Print | Save As... | Export as FDF | Retrieve FDF File | Reset |